# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MICHAEL DUCHARME,
             Plaintiff,

vs.                                                 CA 14-282-ML

ELAINA J. BRUNETTI,
             Defendant.

## MEMORANDUM AND ORDER

Before the Court is a Complaint (Doc. #1) filed by Plaintiff Michael Ducharme, *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application") and a Motion for Appointment of Counsel (Doc. #3). In connection with proceedings *in forma pauperis,* the Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)[1] and 1915A.[2]

---

[1] Section 1915(e)(2) provides that:

(2) Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that- -
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal- -
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] Similarly, § 1915A states in relevant part that:

**(a) Screening**.- - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal**.- - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- -
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Background

Plaintiff filed his Complaint on June 20, 2014. In it he names as Defendant Elaina J. Brunetti, an attorney in the Office of the Public Defender. Plaintiff alleges that Defendant violated his rights under the Fifth, Sixth, and Fourteenth Amendments ("illegal sentence, due process, ineffective counsel, and etc."). Civil Cover Sheet at 2. He seeks declaratory judgment and compensatory and punitive damages.

Discussion

Plaintiff alleges that his "rights were violated by an illegal sentence plea ...." Complaint at 3. He specifically claims that his counsel: failed to adequately inform him of his rights under the United States and Rhode Island Constitutions; did not adequately discuss his letters to her asserting his innocence of the charge against him; did not listen to two audio compact discs containing a confession which he maintains is not a confession; and should have known that he was taking prescription medication, which rendered him "hesitant and confused" at the plea bargain, at the plea hearing. Id.

> In Heck v. Humphrey, the Supreme Court held that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

---

....

28 U.S.C. 28 U.S.C. § 1915A.

Id. at 486-87 (footnote omitted). The Heck Court continued:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Id. at 487 (footnotes omitted).

Plaintiff's statement that his "rights were violated by an illegal sentence plea ...," Complaint at 3, says it all. It is clear that Plaintiff is challenging the validity of his plea and sentence and that granting him the relief he seeks would necessarily imply the invalidity thereof. He has made no showing that his conviction or sentence has already been invalidated by any of the means listed above, see Heck, 512 U.S. at 489-90 ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"), or that he has moved for post-conviction relief in the state courts based on ineffectiveness of counsel.[3] Therefore, Plaintiff's claim is not cognizable under § 1983. Id. at 483.

## Conclusion

The Court concludes that Plaintiff has failed to state a claim on which relief may be granted. Accordingly, the Complaint is hereby DISMISSED. Plaintiff's Application to proceed *in forma pauperis* is DENIED as moot.

---

[3] The Court does not imply that if Plaintiff were to file an application for post-conviction relief in the state courts he would be successful.

3

SO ORDERED:


/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

DATE: July 23, 2014